Leo **GREENSTEIN** and Harvey Good, Plaintiffs-Appellants,

v.

**NATIONAL SKIRT & SPORTSWEAR ASSOCIATION, INC.**, International Ladies' Garment Workers' Union, Joint Board of Cloak, Suit, Skirt & Reefer Makers' Union and Skirt Makers' Union, Local 23, I.L.G.W.U., Defendants-Appellees.

Docket No. 26042.

United States Court of Appeals Second Circuit.

Argued Jan. 11, 1960.

Decided Jan. 28, 1960.

Ruben Schwartz and Albert Lyons, New York City, for plaintiffs-appellants.

Morris P. Glushien, New York City (Max Zimny and Peter J. Schlesinger, New York City, of counsel), for defendant-appellee International Ladies' Garment Workers' Union.

Abraham Schlesinger, New York City, for defendant-appellee Skirt Makers' Union, Local 23, I.L.G.W.U.

Before CLARK, HINCKS, and WATERMAN, Circuit Judges.

PER CURIAM.

Defendants' motion to dismiss this appeal raises the question whether Judge

---

Weinfeld's refusal to stay arbitration was a mere calendar order, as held in Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, 2 Cir., 269 F.2d 618, and cases there cited, or had some more extensive significance, as perhaps the refusal of the judge to enjoin himself from proceeding in an action "at law." Here the plaintiffs and the defendant local union were parties to a collective bargaining agreement which, together with predecessor agreements, had been in successful operation in this ladies' garment industry for more than twenty-five years. The history and present status of the agreement are carefully delineated in Judge Weinfeld's very complete opinion in making the decision which is under appeal, D.C.S.D.N.Y., 178 F.Supp. 681; and see also Palmieri, J., in Anzio Frocks, Inc. v. Joint Board Dress and Waistmakers' Union of Greater New York, D.C.S.D.N.Y., 176 F.Supp. 176. In September 1959 the Union made charges that plaintiffs had violated the agreement in certain specified ways; and in accordance with the recognized arbitration procedure, the Impartial Chairman or Arbitrator on October 2, 1959, duly notified the parties that he would hold a hearing on the complaint on October 26, 1959—a Monday. Shortly before the hearing the defendants were served with summons in the action below, together with an order, dated Saturday, October 24, and returnable October 27, 1959, to show cause why an interlocutory injunction should not issue. Judge Weinfeld's denial of this application after hearing, and again on motion for reargument, led to this appeal.

Both in form and in substance, the action below, as well as the instant application, vigorously seeks equitable action to stay the arbitration proceeding then directly impending and just about to be heard. The thrust of these last minute activities by plaintiffs is clearly equitable in character, not disguised by the formal and unusual claim in the complaint that this collective bargaining agreement violates the antitrust laws, or the Taft-Hartley (Labor-Management) Act, 29 U.S.C.A. § 141 et seq. Hence we think the Armstrong-Norwalk principle governs, and the order refusing to stop the arbitration is not appealable. The motion for a stay pending appeal therefore becomes moot.

Appeal dismissed; stay denied.