**BROTHERHOOD OF TEAMSTERS CHAUFFEURS, WAREHOUSEMEN AND HELPERS, LOCAL 901, et al., Respondents, Appellants,**

v.

**EDITORIAL "EL IMPARCIAL," INC.,** Petitioner, Appellee.

No. 5858.

United States Court of Appeals
First Circuit.
March 6, 1962.

Herbert S. Thatcher, Washington, D. C., with whom George L. Weasler, Santurce, P. R., was on the brief, for appellants.

Joseph C. Wells, Washington, D. C., with whom Lawrence T. Zimmerman, Washington, D. C., Jose G. Gonzales, Ruben Rodriguez-Antongiorgi, Guillermo Cintron-Ayuso, San Juan, P. R., and Reilly & Wells, Washington, D. C., were on the brief, for appellee.

Before WOODBURY, Chief Judge, and ALDRICH and SMITH,* Circuit Judges.

PER CURIAM.

Editorial "El Imparcial" Inc. publishes a daily Spanish language newspaper in San Juan, Puerto Rico. In June 1960 it filed a petition in the Superior Court of Puerto Rico, San Juan Part, alleging that its premises were being illegally picketed by the appellant-Union and certain of its officers and members and asking for temporary and permanent injunctions against such activity. The Superior Court, after hearing on an order to show cause why a temporary injunction should not be granted, entered an order denying the petition for a preliminary injunction for lack of jurisdiction under subsection (e) of the local "Little Norris-LaGuardia Act." Act No. 50 of August 4, 1947, as amended 29 L.P.R.A. § 105. On appeal by Editorial "El Imparcial" Inc., the Supreme Court of Puerto Rico reversed the Superior Court and remanded the case to that court with instructions:

"(a) to issue the preliminary injunction against the respondents or against such respondents as may be appropriate pursuant to the evidence in the record, in such terms as are just and adequate to guarantee the rights of the parties in this labor dispute in the light of all the circumstances involved therein, and pursuant to the provisions of §§ 2, 4, 5(a) and 7 of Act No. 50; and (b) to continue the proceedings regarding the permanent injunction."

■■ The statute under which this appeal from the above judgment is attempted, Title 28 U.S.C. § 1293, which is the only one giving us appellate jurisdiction over the Supreme Court of Puerto Rico, categorically limits our power of review to "final decisions" of that Court. And, as we had occasion to point out in detail in Buscaglia v. District Court of San Juan, 145 F.2d 274, 280, 281 (C.A. 1, 1944), cert. denied, 323 U.S. 793, 65 S.Ct. 434, 89 L.Ed. 632 (1945), the phrase "final decisions" means those decisions which, without strict regard to form, in fact fully and finally adjudicate rights and terminate litigation in such a way that further adjudication is precluded in the Supreme Court of Puerto Rico. The judgment before us clearly does not meet this test, for even if a judgment of the Supreme Court of Puerto Rico categorically directing the Superior Court to issue a temporary injunction could possibly be regarded as a "final decision" from which an appeal would lie, no appeal would lie from the present judgment since it does not spell out for the Superior Court the terms appropriate to protect the rights of the parties to the labor dispute or specify the respondents

* By special assignment.

against whom the injunction should run. Certainly the Superior Court's determination of the matters left for it to decide would be subject to further adjudication in the Supreme Court. Moreover, the question of the propriety of the issuance of a permanent injunction is left entirely at large for future consideration by the Superior Court. Obviously much more is required of the Superior Court than mere ministerial action to carry out the judgment of the Supreme Court.

An order will be entered dismissing the appeal for lack of appellate jurisdiction.