**DIEMATIC MANUFACTURING CORP., Plaintiff-Appellee,**

v.

**PACKAGING INDUSTRIES, INC., Defendant-Appellant.**

**No. 728, Docket 74–2452.**

United States Court of Appeals, Second Circuit.

Argued April 23, 1975.

Decided May 23, 1975.

Eliot S. Gerber, New York City (Wyatt, Gerber & Shoup, Guy W. Shoup, New York City, of counsel), for plaintiff-appellee.

Gerard A. Dupuis, New York City (Miller & Summit, Stuart A. Summit, Ruth Balen, New York City, of counsel), for defendant-appellant.

Before LUMBARD, HAYS and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal by Packaging Industries, Inc. (Packaging) from an order of Hon. Lloyd F. MacMahon, United States District Judge for the Southern District of New York, which granted the application of Diematic Manufacturing Corp. (Diematic) to stay arbitration proceedings and denied Packaging's cross-motion for a stay of the federal action pending arbitration.

In 1965, Packaging commenced an action against Diematic in the court below alleging infringement of its patent No. 3,170,275 entitled "Means for Heat Sealing Lids on Blisters." That litigation was terminated by a Stipulation of Dismissal "with prejudice" dated July 5, 1968 and a Settlement Agreement effective June 6, 1968. The Agreement granted Diematic a license to make, use and sell, for a nine-month period, trays which embodied the patent in question. It also provided for the payment of royalties to Packaging and contained an admission by Diematic of the validity of the patent and its agreement not to contest its validity. The Agreement further included an arbitration clause which provided in part: "Questions of interpretation, enforcement and all disputes between the parties arising from this agreement shall be submitted to arbitration in New York City under the rules and auspices of the American Arbitration Association."

On March 20, 1974, Packaging filed a demand for arbitration against Diematic alleging that the latter had violated the 1968 agreement by merchandising and selling trays which infringed the Packaging patent subsequent to the expiration

of the nine-month license period. On April 5, 1974, Diematic brought the present action in the Southern District of New York seeking injunctive, declaratory and monetary damage relief, which we will discuss in detail hereafter. By notice of motion dated the same day, Diematic moved for a stay of arbitration pending the outcome of its suit. By notice of motion dated April 18, 1974, Packaging cross-moved for a stay of the action brought by Diematic pending completion of the arbitration, and, by notice of motion dated May 3, 1974, moved for an order dismissing the complaint pursuant to Fed.R.Civ.P. 6 and 12(b)(1). In a memorandum dated September 13, 1974, Judge MacMahon granted Diematic's motion for a stay of arbitration, denied Packaging's cross-motion for a stay of this suit pending arbitration and denied Packaging's motion to dismiss the complaint. Packaging then filed a timely notice of appeal from the first two of these decisions.

### Discussion

Although the issue was not briefed initially, counsel, at the request of the court, have submitted memoranda on the underlying question of the appealability of the order before us.

It is clear that this court has jurisdiction of appeals from all *final* decisions of the district court. 28 U.S.C. § 1291. Plainly, the order here in question is not final. The defendant Packaging's motions to stay the federal action and to dismiss it were denied; the cause of action therefore survives and whatever defenses Packaging wishes to present in the answer it has not yet filed remain to be litigated. Packaging does not dispute this proposition but urges that an order which grants or denies a stay of proceedings is appealable under 28 U.S.C. § 1292(a)(1), which provides that district court interlocutory orders which grant or refuse to grant injunctive relief are within the appellate jurisdiction of the court of appeals.

■ The question therefore is whether or not the order below staying arbitration proceedings and denying the stay of the federal action pending arbitration is an interlocutory injunction within the meaning of 28 U.S.C. § 1292(a)(1). The order staying arbitration itself is clearly not an injunction within section 1292(a)(1), as this court has squarely held in prior cases. Greater Continental Corp. v. Schechter, 422 F.2d 1100, 1102 (2d Cir. 1970); Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 85–86 (2d Cir. 1961), cert. denied, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962). In this respect, the order is therefore not appealable.

■■ The question as to whether the refusal to enjoin the federal action constitutes an appealable interlocutory order under section 1292(a)(1) is not as readily answered. For better or for worse, by reason of Supreme Court case law, which, while binding, has not been particularly clarifying, we must examine the essential nature of the underlying action and the purpose of the order respecting the stay before we can determine whether or not that order is appealable. 9 J. Moore, Federal Practice ¶¶ 110.20[3] & 110.20[4] (2d ed. 1973). This court in Standard Chlorine of Delaware, Inc. v. Leonard, 384 F.2d 304 (1967) adopted the rule of the Fifth Circuit, which provides:

"An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim." [1]

---

1. The second necessary element in this two-pronged standard of appealability is clearly satisfied here. It is the rule that a "special defense setting up the arbitration agreement is an equitable defense. . . ." Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 452, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935); Standard Chlorine of Delaware, Inc. v. Leonard, *supra*, 384 F.2d at 308. Thus, Packaging's purpose in seeking a stay of the action was to permit the prior determination of some equitable defense.

Id. at 308, quoting from Jackson Brewing Co. v. Clarke, 303 F.2d 844, 845 (5th Cir.), cert. denied, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962) (emphasis in original). This court has adhered to this "well-established rule" in later cases. E. g., Greater Continental Corp. v. Schechter, *supra*, 442 F.2d at 1102; American Safety Equipment Corp. v. J. P. Maguire & Co., 391 F.2d 821, 824 (1968).[2]

█ The inquiry therefore must be directed to the nature of Diematic's action against Packaging. Count I of the complaint was labelled "Declaratory Judgment Action for Patent Invalidity and Non-Infringement", count II was captioned "Action to Enjoin Arbitration" and the final count was labelled "Action for Violation of the Anti-Trust Laws." In its prayer for relief, Diematic sought the following relief:

1. That the arbitration demanded by defendant against plaintiff be stayed and be permanently enjoined.

2. For a temporary and permanent injunction restraining defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or under the control of defendant, from asserting or charging that the use or sale by plaintiff or any of their customers of trays constitutes an infringement of U. S. Patent No. 3,170,275.

3. That this Court decree U. S. Patent No. 3,170,275 is not infringed by plaintiff or their customers.

4. That this Court decree U. S. Patent No. 3,170,275 to be invalid.

5. That plaintiff shall recover, under the provisions of the Clayton Act, threefold its damages sustained as a result of the defendant's actions as set forth above.

6. For the cost of this action and for reasonable attorney's fees.

7. For such other and further relief as this Court may deem just.

Where the action sought to be enjoined contains several counts and seeks declaratory and injunctive relief as well as damages, the application of the test of this circuit, depending as it does upon the characterization of the action prior to the fusion of law and equity, becomes troublesome. The venture is further complicated by our holding in American Safety Equipment Corp. v. J. P. Maguire & Co., *supra*, 391 F.2d at 824, that a declaratory judgment action is a creature of statute, and therefore is "neither fish nor fowl, neither legal nor equitable" for the purposes of applying the test. As a result, *American Safety* requires that we look to what the basic nature of the suit would have been had there been no Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202. We have therefore placed ourselves in the unenviable position not only of solving modern procedural problems by the application of labels which have no currency, but also of considering the nature of law suits which were never brought. In view of the Supreme Court paternity of the rule and the differences among the circuits[3] which have attempted construction of it, it is hoped that the Court or perhaps the Congress will clarify it before we sink further in the Serbonian Bog.

In applying the rule in *Standard Chlorine*, Judge Kaufman held (384 F.2d at 309) that an action "is to be considered

**2.** This complex rule is based upon the Supreme Court's decisions in Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935), and Ettelson v. Metropolitan Life Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), under which "[c]ertain orders that do no more than grant or deny jury trial or determine the method or timing of trial have nevertheless been held to be 'orders . . . granting or . . . refusing . . . injunctions' within the language of 28 U.S.C. § 1292(a)(1) and thus appealable." 9 J. Moore, *supra*, ¶ 110.20[3], at 240. Despite the suggestion at one time of a retreat from this doctrine, City of Morgantown v. Royal Insurance Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949), the Supreme Court remains committed to it. Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955).

**3.** The various decisions of the courts flowing from the Enelow-Ettelson rule are discussed in 9 J. Moore, *supra*, ¶ 110.20[3].

equitable for [these] purposes unless the equitable relief sought can be characterized as 'merely incidental'." 9 J. Moore, *supra*, ¶ 110.20[3], at 244. An examination of the actions brought and the relief sought here would hardly justify the description of the requested equitable relief as "merely incidental".

The law suit here commenced by Diematic on April 5, 1974 was prompted by the arbitration demand of Packaging, which was filed on March 20, 1974. The relief which was of major moment was an injunction against the pending arbitration proceedings. As this court noted in American Safety Equipment Corp. v. J. P. Maguire & Co., *supra*, 391 F.2d at 824, "a suit to enjoin pending arbitration proceedings, coupled with a claim for declaratory relief, has a pronounced equitable cast." [4] In Wilson Brothers v. Textile Workers Union, 224 F.2d 176 (2d Cir.), cert. denied, 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 745 (1955), the union announced its intention to submit a particular issue (the continued liability of the employer for accrued vacation pay under a terminated contract) to arbitration, and the employer responded by an action in the federal district court seeking a declaratory judgment with respect to its contractual obligations, as well as temporary and permanent injunctive relief against the union's resort to arbitration. The motions of the union to stay the suit and compel arbitration were granted. On appeal, this court reviewed the Supreme Court cases and concluded that "here the action is clearly of an equitable nature, and the stay [of the action pending arbitration] is not an appealable order." 224 F.2d at 177. Accord, Armstrong-Norwalk Rubber Corp. v. Rubber Workers Local 283, 269 F.2d 618 (2d Cir. 1959), discussed in Lummus Co. v. Commonwealth Oil Refining Co., *supra*, 297 F.2d at 85. Cf. Greenstein v. National Skirt & Sportswear Ass'n, 274 F.2d 430 (2d Cir. 1960) (*per curiam*). These authorities suggest that the underlying action here seeks equitable relief which is not at all merely incidental in nature.

Although the Sherman Act is the basis for the monopolization and attempted monopolization claim in count III of the complaint and one might therefore find it to be neutral under the reasoning of the *American Safety* case, the relief sought is money damages so that we consider it to be a legal claim, a position with which Diematic does not disagree. In any event, it is not the dominant claim made; it is solely based on the alleged invalidity of the patent and is incident to that underlying dispute between the parties. With respect to patent infringement, the action below sought not simply a declaration of non-infringement and invalidity but also, in paragraph 2 of its prayer, temporary and permanent injunctive relief against any claim by Packaging that the use or sale by the plaintiff of its trays constitutes an infringement. In paragraph 23 of the body of the complaint, the plaintiff urged that the defendant was in any case precluded from enforcing the patent because of estoppel and/or laches since it had had actual notice of the construction and the elements of the plaintiff's trays since 1969. We conclude, therefore, that the relief sought in the action which Packaging unsuccessfully attempted to have stayed was primarily, or at least not incidentally, equitable, that the damages sought in the antitrust action are properly characterized as incidental and that the order in question is therefore not appealable under the *Standard Chlorine* test, *supra*.

---

4. While it is true that the action referred to by the *American Safety* court in this passage (American Safety v. J. P. Maguire & Co.) was held to be appealable, it was only because the action was an integral part of a dispute between the plaintiff, American Safety, and a third party, Hickok Mfg. Co. That dispute produced a declaratory judgment action by American Safety against Hickok which was commenced before any request for arbitration was made by Hickok; therefore, no injunctive relief was sought by American in its complaint. Here, as in American Safety v. J. P. Maguire & Co., there was an arbitration pending and injunctive relief against it was sought. Hence, this suit, like the suit against Maguire, is equitable, and it can be viewed in isolation since, unlike that other action, it is not an integral part of a basic dispute involving third parties.

While the rule applied in this case is cumbersome at best and has mixed in it elements of the fantasies of Lewis Carroll and George Orwell, the policy of section 1291, which is the discouragement of piecemeal appeals, is ultimately vindicated. See Cobbledick v. United States, 309 U.S. 323, 324–25, 60 S.Ct. 540, 84 L.Ed. 783 (1940); see also Judge Friendly's comments in Lummus Co. v. Commonwealth Oil Refining Co., *supra*, 297 F.2d at 85–86. The result here is particularly appropriate since, on appeal, the appellant has raised for the first time the question of res judicata. Presumably, the defense will be raised in the answer, which has not yet been filed, and the district court can determine that issue in the first instance.

Appeal dismissed.