David J. LANGLEY, d/b/a Dave's Auto
Service Center, Plaintiff, Appellee,

v.

COLONIAL LEASING COMPANY OF
NEW ENGLAND, etc.,
Defendant, Appellee.

Major Muffler Center, Inc., etc.,
Defendant, Appellant.

No. 82–1564.

United States Court of Appeals,
First Circuit.

Argued Dec. 8, 1982.

Decided May 2, 1983.

Oleg Nikolyszyn, Providence, R.I., with whom Randy M. Kornfeld, and Lester A. Lazarus, P.C., New York City, were on brief, for defendant, appellant.

Edward John Mulligan, Warwick, R.I., for plaintiff, appellee David J. Langley.

Before COFFIN, Chief Judge, BREYER, Circuit Judge, and SMITH,* Senior District Judge.

COFFIN, Chief Judge.

Nearly a half century after the merger of law and equity in the federal courts, we are called upon in this appeal to decide whether a complaint is "legal" or "equitable". The cause of our labors is the so-called *Enelow-Ettelson* rule, a much-criticized exception to the general bar on interlocutory appeals, under which the denial (or grant) of an equitable defense—here, arbitration [1]—is immediately appealable if the underlying suit is "legal" but not if it is "equitable".[2] Since we conclude that appellee's suit is equitable for *Enelow-Ettelson* purposes, we dismiss the appeal for want of appellate jurisdiction.

### I

The action arose when appellee David Langley, doing business in Rhode Island as Dave's Auto Service Center, became dissatisfied with pipe-bending equipment he had bought from Major Muffler via a lease/finance arrangement with Colonial Leasing Co. of New England, and refused to make further payments under the lease. Colonial sued for breach and obtained a default judgment against Langley in federal district court in Oregon pursuant to a clause in the lease purporting to permit suit in that remote forum. In response, Langley sued Colonial and Major in Rhode Island state court to block enforcement of the Oregon judgment and, inter alia, to void the lease and sale contract. Colonial then removed the Rhode Island action to federal court, whereupon Major moved the district court for an arbitration order, invoking an arbitration clause in its sales contract with Langley.[3] Major's motion was denied by a

---

* Of the District of Montana, sitting by designation.

1. Although arbitration may sometimes be a legal defense (where, for example, arbitration is contractually made a condition precedent to an act), it is ordinarily, as here, an equitable defense. *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 452, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935).

2. The theory of this atavistic exception is that under old rules of practice, equitable defenses could be asserted against an action at law only by a separate suit in equity to enjoin the opposing party from proceeding with the suit at law. The denial of the equitable defense was thus a final judgment in the equity action and was immediately appealable as such. Where the suit and defense were both equitable, however, the denial of the defense was merely an interlocutory order of the equity court in regulation of its own proceedings. Like reasoning applied to legal defenses to legal claims. *See USM* *Corp. v. GKN Fasteners, Ltd.*, 574 F.2d 17, 21 (1st Cir.1978); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); reaffirmed, *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). For criticism of the rule, see 9 J. Moore, *Moore's Federal Practice* ¶ 110.20[3] at 245–46.

3. Major's petition in the district court was brought first as a petition to compel arbitration under 9 U.S.C. § 4, asserting as an additional ground of jurisdiction the stay provision of the arbitration act, 9 U.S.C. § 3. Later filings by Major in the district court speak of the petition as seeking both a stay under section 3 and an order compelling arbitration under section 4, as does Major's brief in this court. Other parts of the record suggest that Major wants only a stay of court proceedings under section 3, and not an order compelling arbitration under sec-

magistrate and, upon reconsideration, by the district court. Major appeals.

## II

■ We address at the outset the jurisdictional implications of Major's claim that it sought not only a stay pending arbitration under section 3 of the federal arbitration act, 9 U.S.C. § 3, but also an order compelling arbitration under section 4 of the act, 9 U.S.C. § 4. It is well settled that the denial of motion or petition for stay pending arbitration under 9 U.S.C. § 3 is not appealable as a "final judgment" under 28 U.S.C. § 1291 or as a "collateral" order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *see USM Corp. v. GKN Fasteners, Ltd.*, 574 F.2d 17, 18–19 (1st Cir. 1978), and is appealable as an injunction under 28 U.S.C. § 1292(a)(1) only if *Enelow-Ettelson* requirements are met—that is, only if the underlying claim is "legal". *See USM Corp. v. GKN Fasteners, Ltd.*, 574 F.2d 17, 18–19 (1st Cir.1978). By contrast, language in three cases of this court suggests that the denial of an order compelling arbitration under 9 U.S.C. § 4 is immediately appealable as a final judgment under 28 U.S.C. § 1291, without regard to *Enelow-Ettelson. See USM Corp. v. GKN Fasteners, Ltd., supra; New England Power Co. v. Asiatic Petroleum Corp.*, 456 F.2d 183, 188 (1st Cir.1972); *County of Middlesex v. Gevyn Construction Corp.*, 450 F.2d 53 (1st Cir. 1971).

■ Whatever its formal denomination, we are persuaded that Major's "petition" was in substance only a motion for stay under section 3 of the arbitration act and not for an order compelling arbitration under section 4. As Major's counsel himself argued below, Major is in effect home free; it has no claim against Langley and nothing to gain from arbitration. Major thus has no interest in initiating, much less compelling, arbitration:

"Major Muffler is not the petitioner [plaintiff] in this cause of action . . . . Major Muffler is defending in this action . . . . It is Mr. Langley who is bringing this action, not us . . . . We are not obliged to go to arbitration . . . . We don't want to go to arbitration . . . . [S]ince we have performed all obligations under the contract, we are not seeking any remedies whatsoever. We are defending, we can't pursue [arbitration] . . . . It is up to them [Langley] to go to arbitration because we have no difficulty with the contract."

For this reason, we might reasonably deem Major's section 4 request abandoned. In argument here, however, Major's counsel equivocated on the issue. We therefore do not rest on abandonment alone, but examine the question taken for granted in *USM Corp., New England Power,* and *County of Middlesex, supra:* namely, the general appealability of section 4 petitions brought in federal court after federal suit is already pending on the underlying claim for which arbitration is sought.

### 1. Appealability Under 28 U.S.C. § 1291

We begin our analysis with the observation that in none of the three cited cases was the question presented here actually decided. *USM* was a section 3 case which we specifically refused to treat as a section 4 case. In *New England Power,* the district court granted a stay under section 3 without ruling on the defendant's request for an order compelling arbitration under section 4; the section 4 request was thus not before us. *Middlesex* was a declaratory judgment action in which the district court's "order compelling arbitration" was in reality a full final judgment. Whether or not the *denial* of an order compelling arbitration in pending litigation is appealable as a final judgment generally, the *grant* of the order in *Middlesex* was. Moreover, *Middlesex* dealt with arbitration under Massachusetts law, not section 4 of the federal arbitration act.

tion 4. *See* our discussion of Major's remarks at the hearing below, section II *infra.* At oral argument here, Major's counsel equivocated again, saying that he would not go so far as to say Major had abandoned its request under section 4, but declining also to say that Major was actively pursuing it.

■ At any rate, whatever the literal language of these previous cases, the authority we cited in *New England Power* makes clear that the denial of a section 4 petition is immediately appealable as a final judgment under 28 U.S.C. § 1291 only where petition is brought "in an independent proceeding" before litigation on the underlying claim is begun, "while those issued in the course of a continuing suit would not be." *Standard Chlorine of Delaware, Inc. v. Leonard,* 384 F.2d 304, 308 (2d Cir.1967), *cited with approval in New England Power Co. v. Asiatic Petroleum Corp.,* 456 F.2d at 188. Other Second Circuit authority confirms this limitation. *See, e.g., N.V. Maatschappij Voor Industriele Waarden v. A.O. Smith Corp.,* 532 F.2d 874, 875 (2d Cir.1976) (arbitration under 9 U.S.C. § 4 appealable "since it constituted a final judgment in an independent proceeding commenced by petition to compel arbitration") (emphasis added); *Farr & Co. v. CIA. Intercontinental de Navegacion,* 243 F.2d 342, 344–45 (2d Cir.1957) (distinguishing between section 4 orders entered in independent proceedings and those entered "in the course of a continuing suit"). While other cases have entertained section 4 appeals in the course of continuing suits without reference to the final judgment rule or *Enelow-Ettelson, see, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 360 F.2d 315 (2d Cir.1966), *aff'd without mention of jurisdictional question,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), *questioned in relevant part in Standard Chlorine, supra,* 384 F.2d at 308 & n. 10, they have done so without discussion or notice of the jurisdictional problem such orders present under 28 U.S.C. § 1291, and we are persuaded for several reasons that the limitation of *Farr, Standard Chlorine* and *A.O. Smith* represents the better view.

■ First, we have no jurisdiction except as granted by Congress. That jurisdiction is for the most part confined to final decisions, subject to limited, narrowly enumerated exceptions. In the absence of express statutory authorization, we are reluctant to find implied jurisdiction under 28 U.S.C. § 1291 over what are in essence interlocutory orders. Since suit is left to proceed, denial of a section 4 request in the course of suit on the underlying claim is not a "final" order in the literal sense. Nor is it a "collateral" order under *Cohen.* To be appealable under *Cohen,* an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, *and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (emphasis added). Whatever the application of the first two criteria, it is clear that no right is irrevocably prejudiced by the lack of immediate appeal from the denial of the section 4 request here. If erroneous, the denial can always be reversed on appeal from final judgment on the underlying claim, and the dispute referred to arbitration on remand.[4]

Second, to give broader appealability to section 4 denials in pending cases than to section 3 requests would invite litigants interested in delay to concoct appealable orders by simply renumbering their motions or by joining section 3 and section 4 prayers. Although the two sections differ, the differences are irrelevant to the question of interlocutory appealability, and do not warrant different treatment here.

Third, litigants who wish to insure immediate appealability will have an incentive to seek arbitration early, before litigation on the underlying claim has begun. Given the strong Congressional policy in favor of arbitration, such early resort should be encouraged.

Finally, while arbitration may well be warranted in this case and a waste of judi-

4. Since arbitration is ordinarily thought of as speedier and less expensive than litigation, erroneous denial of a section 4 order may of course entail extra cost to the party seeking arbitration, as well as delay. Such costs and delay, however, attend the erroneous denial of many unappealable interlocutory orders—such as the denial of summary judgment—which, if granted, would dispose of the action. Without more, such hardship does not render an order "effectively unreviewable on appeal from a final judgment."

cial resources inevitable, we are persuaded that, in the long run, a narrower approach to appealability in section 4 cases will best serve those ends of judicial economy and speedy dispute resolution that underlie both the arbitration act and the statutes on appellate jurisdiction. As the court aptly observed in *Standard Chlorine, supra,* 384 F.2d at 305 (emphasis added):

> Arbitration is often thought of as a quick and efficient method for determining controversies. Unfortunately, cases involving arbitration clauses sometimes are best remembered as monuments to delay because of the litigation *and appeals* antecedent to the actual arbitration."

Irrationalities may remain in this area of the law, and appealability may sometimes continue to turn on a race to the courthouse, but some irrationality is unavoidable under *Enelow-Ettelson* and the present statutory scheme. *See New England Power, supra,* 456 F.2d at 189. We therefore hold that when federal suit on the underlying claim is pending, a district court's denial of an order compelling arbitration is not appealable under 28 U.S.C. § 1291.

2. Appealability Under 28 U.S.C. § 1292(a)

■ There remains the question of appealability under 28 U.S.C. § 1292(a)(1), which permits interlocutory appeals of orders denying injunctions. While a section 4 order is not ordinarily considered an injunction, *see John Thompson Beacon Windows, Ltd. v. Ferro, Inc.,* 232 F.2d 366, 369 (D.C. Cir.1956); 9 J. Moore, Moore's Federal Practice ¶ 110.20[4.—1] at 247 & nn. 6–7, we are persuaded that *Enelow-Ettelson* compels us, purely for the purpose of appealability, to treat section 4 orders in pending suits as if they are "injunctions," whenever

the underlying claim is "legal." Whether motion is made under section 3 or section 4 of the arbitration act, arbitration remains an equitable defense, and such a defense previously could be asserted against claims at law only by separate suit for injunctive relief in equity.[5] While we are loath to extend the reach of *Enelow-Ettelson,* we see no principled distinction between section 3 and section 4 orders for *Enelow-Ettelson* purposes, and we are even more reluctant to eliminate one irrationality in the law by creating another. We therefore conclude that where *Enelow-Ettelson* requirements are met, *i.e.,* where the underlying suit is "legal", a district court's grant or denial of an arbitration order is appealable as an injunction under 28 U.S.C. § 1292(a)(1), whether the order sought is a stay under section 3 or an order compelling arbitration under section 4.[6]

■ Applying these principles to the present case, it is clear that Major's petition, however numbered, is not appealable under the final decision provision of 28 U.S.C. § 1291. While formally denominated a "petition", it was not brought as an independent proceeding, for it bears the same docket number as Langley's underlying suit, and was heard by the same judge. We therefore conclude that the denial of Major's petition is appealable, if at all, only under 28 U.S.C. § 1292(a)(1), and then only if Langley's suit is "at law" for *Enelow-Ettelson* purposes.

### III

■ Given Langley's repeated prayers for rescission of the equipment lease, Major wisely concedes that the action against Colonial is predominantly equitable. Major

5. *See* note 2 *supra.*

6. Where appropriate, an appeal may also be certified by the district court under 28 U.S.C. § 1292(b), and in exceptional circumstances, mandamus may lie to correct a clear abuse of discretion or an excess of jurisdiction in the grant or denial of an arbitration order. *See Standard Chlorine, supra,* 384 F.2d at 309 n. 14.

Nothing in our holding alters the appealability of *independent* section 4 petitions, or arbitra-

tion orders and stays that effectively operate as final judgments or collateral orders within the rule of *Cohen. See, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* — U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). At the same time, we do not believe that a separate docket number alone will suffice: The question is, as it should be, substance, not form.

strenuously contends, however, that the only relief sought from it is money damages, or legal relief. A look at the complaint, lease, and sales contract, however, show otherwise.

Although the lease document itself purports to be between Langley and Colonial alone, the complaint alleges that *"[b]oth* defendants *jointly* extend credit and lease equipment in the order course of business and are tied to each other", and that "defendant*s"* induced Langley "to enter into an equipment lease". Although Major has denied these allegations, we cannot say that they are a sham, and therefore take them at face value in determining the character of the complaint against Major. Insofar as the complaint against Colonial is equitable, it is likewise equitable vis-a-vis Major.

Moreover, the complaint asks not only that the equipment lease be rescinded, but "1. That said equipment lease *and/or contract* between plaintiffs and defendants be declared void and unenforceable" and "2. That said equipment lease *and/or contract* be ... rescinded".[7] If the reference to "contract" is to have any independent meaning, it can only mean the sales contract between Langley *and Major.*

The context confirms our reading. The theory of the complaint is that Langley "was led to believe 'that if he were dissatisfied with the equipment, within a two year period' that 'he could send the equipment back' and that 'the only thing he would lose would be his down payment and monthly payments that he had been paid.'" Since only the sales contract refers to a down payment, it is evident that rescission of the sales contract as well as the lease agreement is intended, for the sales contract declares itself integrated and gives Langley no right to return the pipe-bending equipment if dissatisfied, much less to do so at any time within two years.

 Whether a "historical" or "predominant purpose" test is used, *see USM Corp. v. GKN Fasteners, Ltd.,* 574 F.2d at 21–22

& n. 8, the result is the same. Given the claims for rescission, a chancellor would have had jurisdiction over Langley's whole suit against Major, including the claims for damages at law, under the so-called equitable clean-up doctrine. Under the predominant purpose test, a complaint seeking legal and equitable relief is deemed equitable in the face of an equitable defense unless the complaint is "wholly or basically and predominantly" an action at law, and the request for equitable relief is "merely incidental". *USM Corp. v. GKN Fasteners, Ltd.,* 574 F.2d at 21; *Standard Chlorine, supra,* 384 F.2d at 309; *Alexander v. Pacific Maritime Ass'n,* 332 F.2d 266, 267 (9th Cir.1964). Since Congressional policy disfavors interlocutory appeals, doubts under the predominant purpose test are resolved against appealability. *See USM, supra,* 384 F.2d at 22 *and authorities cited thereat; Danford v. Schwabacher,* 488 F.2d 454 (9th Cir.1973). While Langley's prayers for damages are substantial, we cannot say that his action against Major is wholly or basically and predominantly at law, or that his claims for rescission against Major are merely incidental. We therefore conclude that the complaint against Major is equitable for *Enelow-Ettelson* purposes, and that the district court's denial of Major's petition is not appealable.

## IV

Although the quality of briefs and arguments on appeal makes us sympathetic to the trial court's impatience below, we note finally that our denial of jurisdiction does not signify approval of the district court's decision on the merits. Nor do we mean to prevent Major from initiating arbitration itself to secure an arbitral declaration of its and Langley's rights while trial is still pending. With those caveats, the appeal is hereby dismissed.

---

7. The complaint also asks "[f]or a temporary and permanent restraining order against defendants enforcing any foreign judgment against plaintiff, if the same arises out of or in connection with said equipment lease *or contract.*"