**UNITED STATES of America, Plaintiff,**

v.

**Dorwin AAM, et al., Defendants.**

**SUQUAMISH INDIAN TRIBE, Plaintiff,**

v.

**Dorwin AAM, et al., Defendants.**

**Nos. C82–1522V, C821549V.**

United States District Court, W.D. Washington.

May 20, 1986.

Thomas H. Pacheco, Dept. of Justice, Land and Natural Resources Div., Indian Resources Section, Washington, D.C., F. Patrick Barry, Dept. of Justice, Land and Natural Resources Div., Phoenix, Ariz., for plaintiff U.S.

Alexandra Harmon, Suquamish, Wash., for plaintiff Suquamish Indian Tribe.

John Roberts, Eric Richter, Skeel, Henke, Evenson & Roberts, Seattle, Wash., Reinhold Schuetz, Deputy Pros. Atty., Port Orchard, Wash., J. Lawrence Coniff, Department of Natural Resources, Olympia, Wash., Philip P. Malone, Poulsbo, Wash., Steven C. Marshall, Perkins Coie, Bellevue, Wash.

## ORDER

VOORHEES, District Judge.

Having considered the motion of plaintiffs for partial summary judgment and the

cross-motion of defendants for summary judgment, together with the memoranda, affidavits and exhibits submitted by counsel, the Court now finds and rules as follows:

1. Plaintiffs previously filed a motion to preclude litigation of certain issues. That motion raised substantially the same questions as the present motion of plaintiffs for partial summary judgment. After oral arguments on the motion to preclude litigation on October 25, 1985, the Court denied the motion and ruled as follows:

> Plaintiffs' motion to preclude litigation of certain issues characterized as the Suquamish Indian Tribe's past and present tribal status, its treaty status, its entitlement to rights reserved by the Treaty of Point Elliott, and the existence and the past and present status of the Port Madison Indian Reservation ... are denied. It appearing to the Court that the issues addressed by the parties in their memoranda submitted on said motion may present questions which can be decided as a matter of law by the court after the conclusion of discovery, the parties may thereafter submit motions for summary judgment of those issues....

*See,* Court's Order of October 29, 1985. Because the noting date for dispositive motions expired on October 18, 1985, the parties are limited in their cross-motions for summary judgment to those issues identified in the above-quoted paragraph.

2. Plaintiffs filed their motion for partial summary judgment on December 12, 1985. The motion sought a summary judgment declaring the following: (a) that the Suquamish Indian Tribe was a party to the Treaty of Point Elliott and is entitled to assert claims on behalf of its members and (b) that the Port Madison Indian Reservation was established by the Treaty of Point Elliott and was enlarged and its exterior boundaries formally declared in the Secretarial Order of October 21, 1864.

3. On December 6, 1985, defendants filed their motion for summary judgment and requested that the Court find: (a) that the Treaty of Point Elliott was not an affirmative declaration of the rights of the Tribe to any land, (b) that the Secretarial Order of October 21, 1864, was not an affirmative declaration of the rights of the Tribe to any land, (c) that the land available for sale that was the subject of the Secretarial Order did not include tidelands, and (d) that the tidelands became the property of the State of Washington upon its admission to the Union in 1889.

4. Defendants' requests for the findings in parts (c) and (d) of paragraph three above, exceed the scope of the issues permitted by the Court's order of October 29, 1985. The Court will not rule on any part of defendants' or plaintiffs' motions that relate to the inclusion or exclusion of the tidelands. Not only is this issue not properly before the Court, but it appears that there are genuine issues of material fact with respect to that issue.

5. The Court is faced with three issues in the resolution of the cross-motions before the Court. First, was the Suquamish Tribe a party to the Treaty of Point Elliott and thereby entitled to assert rights under that treaty? Second, was the Port Madison Indian Reservation established by the Treaty of Point Elliott? Third, was the Port Madison Indian Reservation enlarged and its exterior boundaries set by the Secretarial Order of October 21, 1864?

6. Plaintiffs have moved for summary judgment on the issue of the Tribe's rights under the Treaty of Point Elliott on several grounds: (a) the defendants are collaterally estopped on this issue, (b) the Court should defer to the government's determination on this issue, and (c) there are no genuine issues of fact regarding this issue. The Court finds that, while it cannot grant the plaintiffs' motion on collateral estoppel grounds, it must grant the motion because of the federal government's recognition of the Tribe.

7. Plaintiffs urge the Court to find that the issue of tribal status was resolved in *United States v. Washington,* 459 F.Supp. 1020, 1040 (W.D.Wa.1978). In that action the Court found:

> The intervenor Suquamish Indian Tribe was a party to the Treaty of Point Elliott. It is recognized by the United

States as a currently functioning Indian tribe maintaining a tribal government on the Port Madison Indian Reservation in Kitsap County, Washington. The reservation was provided for the Suquamish Indians in Article II of the treaty and was enlarged by Secretary of the Interior Order of October 21, 1864.

The Court cannot accept this finding pursuant to the doctrine of collaterial estoppel because that issue was not actually litigated in the prior action. *Americana Fabrics, Inc. v. L. and L. Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir.1985). The findings in the prior action were consented to by the State rather than being litigated. Collateral estoppel does not attach to findings which have been consented to by the parties unless it is clearly shown that the parties intended that the issue be foreclosed in other litigation. *Wright, Miller & Cooper, Federal Practice and Procedure*, Section 4443. No such showing has been made here.

 8. It is clear from the exhibits presented by the parties that the United States has recognized the Suquamish Indian Tribe as a currently functioning Indian tribe that was a party to the Treaty of Point Elliott. The Court must extend great deference to the political departments in determining whether Indians are recognized as a tribe. This determination closely resembles a political question, which should not be resolved by the courts. *Baker v. Carr*, 369 U.S. 186, 215, 82 S.Ct. 691, 709, 7 L.Ed.2d 663 (1962). The Court should defer to the government's determination that a group is an Indian Tribe unless that determination is but a "heedless extension of that label." *Id.* at 217, 82 S.Ct. at 710. Defendants have not presented the Court with any evidence that, even if taken in a light most favorable to defendants, indicates that the government made a "heedless extension" of the label "Indian tribe" in dealing with the Suquamish as a party to the Treaty of Point Elliott. In consequence, the plaintiffs' motion for summary judgment with regard to tribal status must be granted.

9. Turning to the second issue, the Court finds that the Treaty of Point Elliott established the Port Madison Indian Reservation. Article One of that treaty provided that the Indian tribes who were parties to the treaty would "cede, relinquish, and convey to the United States all their right, title, and interest in and to the lands and country occupied by them...." Article Two then provided:

There is, however, reserved for the present use and occupation of the said tribes and bands the following tracts of land, viz: the amount of two sections, or twelve hundred and eighty acres, surrounding the small bight at the head of Port Madison....

Defendants argue that this grant was not a present grant of rights in the reservation but rather a promise to create a reservation in the future. This argument is based on some language, also located in Article Two, which provided that "[a]ll which tracts shall be set apart, and so far as necessary surveyed and marked out for their exclusive use."

 10. The Court finds, despite defendants' argument, that the treaty was a present grant that created the reservation at Port Madison. Treaties with the Indians must be interpreted as the Indians would have understood them at the time they were entered into. Any doubtful expressions in a treaty must be resolved in favor of the Indians. *Choctaw Nation of Indians v. United States*, 318 U.S. 423, 431–32, 63 S.Ct. 672, 677–78, 87 L.Ed. 877 (1943); *Puyallup Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1257 (9th Cir.1983). Applying these canons to the present case, the Court finds that the Indians would have understood Article Two only as a present grant of rights in certain land. First, the granting language itself is in the present tense. Second, the Indians gave up all their aboriginal rights to land in the territory. It is difficult to conceive of the Indians giving up their rights in return for a mere promise to receive land in the future. In consequence, the plaintiffs' motion for partial summary judgment, as it relates to the establishment of the Port Madison Indian

Reservation by the Treaty of Point Elliott, must be granted.

■ 11. The third issue concerns the enlargement of the reservation by the Secretarial Order of October 21, 1864. It is clear from reading the order that the Secretary intended to enlarge the reservation. He wrote to the Commissioner of the General Land Office and stated:

> Concurring with the Commissioner in his recommendation that the reserve be increased for the benefit of the Indians referred to in the papers inclosed, you are requested to have reserved from sale the tracts of land indicated upon the plat herein inclosed.

Resolving all doubtful expressions in favor of the Tribe, and reviewing this order with the letters leading to it, the Court finds that the Secretary intended to and did in fact enlarge the reservation in his order of October 21, 1864. It is clear that the Secretary had the authority to so act as the "acts of the heads of departments are the acts of the executive." *United States v. Walker River Irrigation District*, 104 F.2d 334, 338 (9th Cir.1939).

■ 12. While the Court finds that the Secretarial Order enlarged the reservation, the Court will make no finding that the order established the exterior boundaries of the reservation. Nothing in the order defines those boundaries. In consequence, the motion for partial summary judgment as it relates to the Secretarial Order of October 21, 1864, must be granted in part and denied in part.

13. The primary question that remains to be resolved at trial is whether the reservation, created by the Treaty of Point Elliott and enlarged by the Secretarial Order of October 21, 1864, includes the disputed tidelands. Defendants have submitted several arguments, supporting their position that the reservation did not include tidelands when it was created. Defendants have asserted, among other arguments, that the tidelands were not included in the reservation by the documents creating the reservation because there is a strong presumption against a conveyance by the United States of title to the beds of navigable

waters. *Montana v. United States*, 450 U.S. 544, 552, 101 S.Ct. 1245, 1251–52, 67 L.Ed.2d 493 (1981); *United States v. Holt State Bank*, 270 U.S. 49, 55, 46 S.Ct. 197, 199, 70 L.Ed. 465 (1926); *Puyallup Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1257 (9th Cir.1983). The Court will not rule on these arguments, however, as any arguments regarding the inclusion or exclusion of the tidelands are beyond the scope of those issues permitted by the Court's order of October 29, 1985. Moreover, the presumption referred to in *Montana* is not absolute, and it appears that there are issues of fact as to whether it can be overcome here.

Accordingly, plaintiffs' motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. Defendants' motion for summary judgment is DENIED. Defendants motion in the alternative for partial summary judgment is likewise DENIED. The Court makes the following findings: (1) the presently recognized Suquamish Indian Tribe was a party to the Treaty of Point Elliott, (2) the Port Madison Indian Reservation was established by the Treaty of Point Elliott, and (3) the Port Madison Indian Reservation was enlarged by the Secretarial Order of October 21, 1864.

The Clerk of this Court is instructed to send uncertified copies of this order to all counsel of record.