CABLE BELT CONVEYORS, INC. and
Paul N. Howard Company, Petitioners,

v.

ALUMINA PARTNERS OF
JAMAICA, Respondent.

No. 86 Civ. 7980 (WCC).

United States District Court,
S.D. New York.

March 5, 1987.

Weil, Gotshal & Manges, New York City, for petitioner Cable Belt Conveyors, Inc.; Kevin P. Hughes, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, Washington, D.C., for petitioner Paul N. Howard Co.; David J. Branson, of counsel.

Max E. Greenberg, Cantor & Reiss, New York City, for respondent Alumina Partners of Jamaica; George N. Toplitz, David A. Trager, Kalvin Kamien, Thadd A. Blizzard, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Petitioners Cable Belt Conveyors, Inc. ("Cable Belt") and Paul N. Howard Company, ("Paul Howard") have moved, pursuant to the Federal Arbitration Act, 9 U.S.C. § 2 et seq. (1982), Section 206 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and Rule 42(a) and 81(a)(3), Fed.R.Civ.P., for an order consolidating the arbitration proceedings now pending before the American Arbitration Association between Paul Howard and Cable Belt (AAA Case No. 13–110–0452–85) and between Cable Belt and Alumina Partners of Jamaica ("Alpart") (AAA Case No. 13–110–0113–86). Defendant has cross-moved for an order dismissing the petition on the grounds that: (1) this Court lacks the authority to order the consolidation of these arbitrations; (2) consolidation would be highly prejudicial to Alpart; (3) under applicable New York state law, any judicial applications involving the arbitration between Alpart and Cable Belt must be made in New York Supreme Court since a special proceeding has been commenced there; and

(4) collateral estoppel bars the petitioners from seeking this relief.

## Background

On March 31, 1981 Alpart and Cable Belt entered into a contract whereby Cable Belt agreed to supply and install a conveyor system to transport bauxite from Alpart's mine to a storage dome at Alpart's plant site in Manchester Plateau, Jamaica. The contract required Alpart's express consent to the subcontracting of any part of the contract work by Cable Belt and required that Cable Belt make the terms and conditions of the main contract (so far as they were applicable) the terms and conditions of any such subcontract. On April 9, 1982, Cable Belt entered into a subcontract with Paul Howard for the installation and commissioning of the conveyor system described above, as well as certain related work. The subcontract contained an arbitration clause similar to that of the prime contract, though there is some dispute as to whether a partial copy of the subcontract sent by Cable Belt to Alpart included the provision relating to the arbitration of disputes which was contained in the subcontract.

As a result of costs allegedly incurred due to delays and disruptions in the subcontract work, Paul Howard demanded arbitration against Cable Belt before the American Arbitration Association in June 1985 for claims totalling approximately $33,000,-000 plus $12,000,000 in interest costs. Cable Belt has denied liability to Paul Howard for its claims as stated but, in a separate demand for arbitration, has claimed over against Alpart for such portions of Paul Howard's claims which may be justified pursuant to the terms of the Subcontract which are found to be the responsibility of Alpart. On January 23, 1986 Cable Belt served this demand for arbitration on Alpart pursuant to the arbitration clause in the Contract. All of Cable Belt's claims against Alpart and all of Paul Howard's claims against Cable Belt relate to the installation of the conveyor system for Alpart in Jamaica. Further, resolution of both Paul Howard's claims against Cable Belt and Cable Belt's claims against Alpart

requires a determination regarding the responsibility as between Alpart and Cable Belt under Section 35(d) of the Subcontract (the "pass-through" provision) for the cost of delays, extra expenses and disruptions of work on such project.

On February 10, 1986, Alpart moved by order to show cause in the Supreme Court of the State of New York to stay Cable Belt's arbitration against it on the ground that Cable Belt had failed to satisfy a condition precedent to arbitration. That motion was denied on April 4, 1986. On appeal, Paul Howard moved for leave to intervene in the state court proceeding on the ground that it had a right to participate in a consolidated arbitration. Alpart opposed that motion which was denied by the Appellate Division, First Department on August 14, 1986. On October 14, 1986, the Appellate Division, First Department unanimously affirmed the trial court's denial of Alpart's motion to stay arbitration and ordered the arbitration to proceed. On December 16, 1986, that same court denied Alpart's motion for reargument or leave to appeal to the Court of Appeals.

## Discussion

The Court of Appeals for the Second Circuit has stated unequivocally that a federal court has the authority to compel the consolidation of arbitration proceedings. *See, e.g., Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650; 49 L.Ed.2d 387 (1976); *See also Sociedad Anonima de Navegacion Petrolera v. CIA de Petroleos de Chile, S.A.,* 634 F.Supp. 805 (S.D.N.Y. 1986); *In Matter of Czarnikow-Rionda Co.,* 512 F.Supp. 1308 (S.D.N.Y.1981); *Lavino Shipping Co. v. Santa Cecilia Co.,* 1972 A.M.C. 2454 (S.D.N.Y.1972). The court in *Nereus* noted that "we think the liberal purposes of the Federal Arbitration Act clearly require that this Act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases." *Id.* 527 F.2d at 974–75. Consolidation has been deemed to be proper where there are common ques-

tions of law or fact and a possibility of conflicting awards or inconsistent results. See *Nereus,* at 974; *Sociedad Anonima,* at 807; *Matter of Czarnikow,* at 1309. *Accord Conoco Shipping Co. v. Norse Shipping Co.* (PTE), 1983 A.M.C. 1146 (S.D.N.Y.1983). Further, to resist a motion for consolidation of arbitrations, a party must show prejudice that "is sufficiently substantial to outweigh the advantages of resolving the dispute in a consolidated proceeding." *Sociedad Anonima,* 634 F.Supp. at 809 *quoting Insco Lines, Ltd. v. Cypromar Navigation Co.,* 1975 A.M.C. 2233, 2235 (S.D.N.Y.1975); *Vigo S.S. Corp. v. Mership Corp. of Monrovia,* 26 N.Y.2d 157, 257 N.E.2d 624, 309 N.Y.S.2d 165, *cert. denied,* 400 U.S. 819, 91 S.Ct. 36, 27 L.Ed.2d 46 (1970).

In this action, the dispute between Cable Belt and Alpart as well as the dispute between Cable Belt and Paul Howard both center on the same construction project, and a principal issue in both proceedings is the question of who is responsible for extra costs incurred in the completion of the project. It is clear that numerous questions of law and fact are identical in both disputes.

Further, a resolution of these disputes in separate arbitrations could lead to inconsistent findings. Howard, the subcontractor, has demanded arbitration against Cable Belt to recover damages for the alleged cost of changes, delays and disruptions in the performance of its subcontract with Cable Belt. Cable Belt has denied liability to Howard for its claim as stated but has claimed over against Alpart for such portions of Howard's claims as may be established as justified. A possible result of this arbitration is a finding that Cable Belt must pay Paul Howard certain damages on claims for which Alpart is deemed ultimately responsible. If the arbitrations are not consolidated, Alpart might not be held ultimately liable on those claims since the arbitrator in Cable Belt's arbitration against Alpart would not be bound by the decision of the arbitrator in Howard's arbitration, and may reach a decision which is inconsistent with the other arbitrator. With this in mind, at least one of the reasons why Al-

part opposes a consolidated arbitration becomes apparent. With separate arbitration proceedings, Alpart can afford to lose at either one of the proceedings and still totally avoid liability if it prevails at the other.

Alpart has asserted that this Court lacks the authority to consolidate the arbitrations at issue due to the absence of an express provision for a consolidated arbitration in the contract between Cable Belt and Alpart. Alpart has also argued that consolidation would prejudice Alpart because it would force it to defend against Howard's subcontract, portions of which Alpart did not view prior to its execution.

In claiming that this Court cannot compel consolidation absent an express contract provision for consolidation, Alpart relies on *Ore & Chemical Corp. v. Stinnes Interoil, Inc.,* 606 F.Supp. 1510 (S.D.N.Y.1985), *Weyerhauser Co. v. Western Seas Shipping Co.,* 743 F.2d 635 (9th Cir.1984) *cert. denied,* 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1985) and *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Such reliance, however, is misplaced in light of the decision of the Court of Appeals for the Second Circuit in *Nereus.* As noted by Judge Goettel recently in *Sociedad Anonima,* the holdings in both *Ore & Chemical* and *Weyerhauser* are contrary to the Second Circuit's controlling decision on this issue in *Nereus,* while the Supreme Court decision in *Byrd* does not even address this issue. In commenting on Judge Edelstein's decision in *Ore & Chemical,* Judge Goettel stated as follows:

... [Judge Edelstein] found that consolidated arbitrations could not be compelled absent a provision for consolidation in the parties' agreements. *Id.* at 1514. Judge Edelstein opined that the Second would overrule *Nereus* if it reconsidered that case in light of [*Byrd.*] *Id.* at 1512–13. We respectfully disagree with this speculation.

Unlike Judge Edelstein, we believe that *Nereus* is still good law. The *Byrd* decision never considered whether a district court can compel consolidation. Rather it stressed the congressional in-

tent in passing the Arbitration Act to overcome some courts' reluctance to enforce agreements to arbitrate, *Byrd*, 105 S.Ct. at 1242 and n. 6, a problem not present in the instant case. At 1241.

■ I agree with Judge Goettel's view on this issue. In its decision in *Nereus*, the Second Circuit noted specifically

that Fed.R.Civ.P., Rules 42(a) and 81(a)(3), are applicable. Moreover, we think the liberal purposes of the Federal Arbitration Act clearly require that this act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases. *Id.* at 975.

Rule 42(a), Fed.R.Civ.P., provides that "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Rule 81(a)(3) provides, in pertinent part, that "in proceedings under Title 9, U.S.C., relating to arbitration, ... these rules apply only to the extent that matters of procedure are not provided for in those statutes."

Given the Second Circuit's endorsement of these rules as applying to the issue of consolidation of arbitrations by a federal court, as well as the Second Circuit's clear statement that the liberal purposes of the Federal Arbitration Act "clearly require" that the Act be interpreted "to encourage the consolidation of arbitration proceedings in proper cases," I see no reason to believe that the Second Circuit would alter its position in light of the Supreme Court's decision in *Byrd*, which did not address this issue at all.

Similarly, there is no merit to Alpart's contention that consolidation of the arbitration proceedings would prejudice it since it would have to defend against Howard's subcontract. Alpart would have to defend itself against the same charges in a separate proceeding with Cable Belt as it would in a consolidated proceeding with Cable Belt and Paul Howard. Under either sce-

nario, Alpart would assert and attempt to show that it is not liable to Cable Belt for the damages claimed by Paul Howard, as a result of delays and disruptions on the construction project.

■ It seems clear that given the circumstances of this case, as well as the controlling case law in this circuit, consolidation is clearly called for in this action. A similar case was recently presented in this district in *Conoco Shipping Company v. Norse Shipping Co.*, 1983 A.M.C. 1146 (S.D.N.Y.1983). In that case, a shipping company and a vessel owner sought to compel the participation of an oil company which had entered into a tanker voyage charter with the owner in a consolidated arbitration involving all three parties. In the dispute with the vessel owner, the oil company claimed that the owner had failed to unload over $50,000 worth of pumpable cargo and deducted this amount from the payments made to the owner for freight. The vessel owner in turn withheld the same amount from the payments due to the shipping company. In the proceeding to consolidate, the oil company objected to consolidation on the ground that the issues under each charter party were not identical. The court, however, held in favor of the party seeking consolidation, concluding that the existence of common factual issues was sufficient to warrant consolidation. Specifically, the court stated as follows:

[W]e will concede for purposes of argument that terms of the various charter parties and subcharters are not identical and, consequently, the liability of the several parties to the original claim made by the [oil company] may not be in all respects identical. However, the factual issues giving rise to the claim are identical for all parties involved. The proof of facts to be submitted as to all of the parties is identical. The circumstances surrounding the voyage and the question of whether there was pumpable cargo left aboard and, if so, in what amount, is crucial to all the proceedings. Finally, the ultimate responsibility for the failure to unload all of the cargo is the same factually, if not legally. Rule 42 does

not require as a prerequisite in consolidation common questions of law and fact but only common questions of law or fact. The facts here are common ... It would be foolish to have the same witnesses and documents presented to three separate arbitration panels. Different factual findings could result in inconsistent awards. A consolidated arbitration of all parties is clearly called for. 1983 A.M.C. at 1147.

The analysis in *Conoco* is clearly applicable here. As in *Conoco*, the factual issues giving rise to both of the disputes at issue here are the same. Moreover, as in *Conoco* a determination of ultimate responsibility under a contract for difficulties arising in connection with the completion of a project is critical to both disputes at issue.

A second argument advanced by Alpart in opposition to this consolidation motion is that, as a jurisdictional matter, this Court lacks the authority to consolidate these arbitrations since a New York State court has already entertained a special proceeding in connection with the Cable-Alpart arbitration and therefore, pursuant to CPLR § 7502(a), all subsequent applications relating to that action must be made before that court. That special proceeding in New York State Court was by Order to Show Cause signed by Justice Kenneth L. Shorter on February 10, 1986, by which Alpart sought to stay the arbitration demanded by Cable Belt separately on the ground that Cable Belt had failed to comply with certain provisions of the contract which were prerequisites to arbitration. As noted above, Alpart's motion was denied. On appeal, Paul Howard moved for leave to intervene in the state court proceeding on the grounds that it had a right to participate in a consolidated arbitration. Alpart opposed that motion and on August 14, 1986 the motion was denied by the Appellate Division, First Department. All parties to the motion before this Court maintain that this order by the Appellate Division, denying Paul Howard's motion to intervene, is a bar to any further attempts by petitioners to obtain consolidation of the arbitration proceedings in the New York State Court proceeding under the "law of

the case" doctrine. Alpart asserts that Cable Belt's sole motive in seeking the present relief before the federal courts is to escape the consequences of an adverse state court decision on the same issue presently before this Court.

■ CPLR Section 7502(a), which governs state court proceedings relating to arbitration, provides that "[a]ll subsequent applications shall be made by motion in the pending action or the special proceeding." This section does not, however, govern federal proceedings. Moreover, the notion that a federal court is precluded from hearing a petition simply because a related matter was brought in a state court is contrary to standards enunciated by the Supreme Court and applied in this district. As noted by the Supreme Court, the general rule "as between state and federal courts ... is that the pendency of an action in the state court is no bar to proceedings concerning the same in the federal court having jurisdiction." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Cheeseman v. Carey*, 485 F.Supp. 203, 216 (S.D.N.Y.1980). Indeed, in such situations, dismissal is inappropriate except in three types of "exceptional circumstance":

(1) a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law;

(2) difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; and

(3) the invocation of federal jurisdiction for the purpose of restraining state criminal proceedings. *Colorado River* at 817, 96 S.Ct. at 1246. This issues in this case do not fall into any of these categories.

Further, as has been noted by the Supreme Court, a federal court's weighing of this type of case must be "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74

L.Ed.2d 765 (1983). In *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524 (9th Cir.1985), one party brought an action in California state court to stay arbitration, and the other then moved in federal court in the Southern District of New York to compel arbitration. Judge Sofaer enjoined the party opposing arbitration from continuing in the California state court and ordered that the state case be stayed. *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 83 Civ. 5286, Order at 3 (S.D.N.Y. July 18, 1983). On the same day the Judge issued the injunction, the California state court granted the motion to stay arbitration. It entered an order to that effect the next day and affirmed the order two weeks later. *See Americana Fabrics v. L & L Textiles*, 754 F.2d at 1524. Three weeks later, notwithstanding the state court's order, Judge Sofaer held that "the parties clearly agreed to arbitrate, and to do so in Los Angeles," but found that a court in the Southern District of New York did not have power to compel arbitration in that district. *Americana Fabrics v. L & L Textiles*, 83 Civ. 5286, Memo and Order (S.D.N.Y. Aug. 24, 1983). Despite the state court stay of arbitration, Judge Sofaer held "this Court has the authority, having found an agreement to arbitrate, to stay a state court proceeding until a federal court [in the proper district] can order the the the parties to proceed [to arbitration]." *Id.*

Pursuant to Judge Sofaer's order, the party seeking arbitration moved to compel in the federal court in California. *See Americana Fabrics v. L & L Textiles*, 754 F.2d at 1528. That court dismissed the motion, but the Ninth Circuit reversed, holding that "the SDNY's order, rather than that of the California court, is binding ..." *Id.*

In *Americana Fabrics* Judge Sofaer took jurisdiction of the case even after the state court had done so. He then ordered that arbitration was required even after the state court had issued a contrary order, and he enjoined further proceedings in the state court. The Ninth Circuit enforced Judge Sofaer's orders rather than the state court's order.

Judge Sofaer ruled in this manner, and the Ninth Circuit affirmed his ruling, despite the fact that California has a statute that is essentially the same as New York's CPLR § 7502. The California statute provides that "after a petition [to compel or stay arbitration] has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding." Cal.Civ.Code § 1292.6.

In this action, it is not necessary for this Court to take the more severe action ordered by Judge Sofaer and affirmed by the ninth circuit in *Americana Fabrics*. There is no state court decision in this action on the motion currently before the Court as there was in Judge Sofaer's case. Nor is there a need for this Court to stay a state court proceeding. All that is necessary is for the Court to order that the arbitrations be consolidated if such action is proper. Clearly, this Court has the power to do so in light of the ruling by Judge Sofaer and its endorsement by the ninth circuit in *Americana Fabrics*.

■ Alpart's final contention is that the Court is barred from hearing the petition on the grounds of res judicata. It is well established that the principle of res judicata may not be applied to bar a subsequent action unless there has been a final judgment on the merits of the matter in question. *See, e.g., Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133 (2d Cir.1975); *Diematic Manufacturing Corp. v. Packaging Industries, Inc.*, 412 F.Supp. 1367 (S.D.N.Y.1976). The matter in question in this case is whether the pending arbitrations involving the parties before the court can and should be consolidated. No court has yet been presented with, much less ruled, on that issue. The New York State Appellate Division's refusal to allow Howard to intervene in the state proceeding cannot be construed as a decision on that issue since Howard was precluded from even addressing the issue before that

court. Indeed, Alpart's counsel told the Appellate Division that because the issue of consolidation was never raised in the Supreme Court, "it would be a perversion of the legal process to entertain such issues." (Hughes Aff., Exh. D, Letter of Kalven Kamien to Appellate Division, First Dep't, Aug. 5, 1986). It is difficult to understand how these same attorneys now maintain that the decision of the Appellate Division is res judicata on this issue.

### Conclusion

For the reasons outlined above, Alpart's motion to dismiss the petition is denied. Petitioner's motion for an order, pursuant to the Federal Arbitration Act (9 U.S.C. § 2 et seq.), and Rules 42(a) and 81(a)(3), Fed.R.Civ.P., to consolidate the arbitration proceedings now pending before the American Arbitration Association between Paul N. Howard Company and Cable Belt Conveyors, Inc. and between Cable Belt Conveyors, Inc. and Alumina Partners of Jamaica is granted.

So ordered.

Pryor, Cashman, Sherman & Flynn, New York City, for plaintiffs; Donald S. Zakarin, Charles L. Rosenzweig, of counsel.

William R. Sheffield, Madison, Conn., for defendant Kaiserman.

Cowan, Liebowitz & Latman, P.C., New York City, for defendant RCA Records; Shira Perlmutter, of counsel.

Richard I. Wolff, P.C., New York City, for defendant Fermata Intern.