Filed 9/26/16  Max v. Federal National Mortgage Assn. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHELLY MAX,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.,<br><br>    Defendants and Respondents. | F070592<br><br>(Super. Ct. No. 684277)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Timothy W. Salter and Roger M. Beauchesne, Judges.

Shelly Max, in pro. per., for Plaintiff and Appellant.

The Ryan Firm, Timothy M. Ryan and Andrew J. Mase for Defendants and Respondents Federal National Mortgage Association and Matthew Aguirre.

James F. Lewin, in pro. per.; The Mortgage Law Firm and James F. Lewin for Defendants and Respondents Max Default Services Corporation and James F. Lewin.

McGuireWoods and Leslie M. Werlin for Defendant and Respondent Tracy Moyer.

-ooOoo-

In September 2012, respondents, Federal National Mortgage Association (Fannie Mae) and Max Default Services Corporation (MDS), foreclosed on a house owned by appellant Shelly Max. Appellant responded by filing a complaint against Fannie Mae, MDS and several others to set aside the trustee sale and cancel the trustee's deed. This matter was removed to the federal court where it was later dismissed with prejudice for failing to allege cognizable claims.

Appellant then filed another complaint against Fannie Mae and MDS to set aside the trustee sale, cancel the trustee's deed, and quiet title. Thereafter, appellant amended the complaint and added respondents Matthew Aguirre, James Lewin and Tracy Moyer as defendants. These individual defendants were the attorneys for Fannie Mae and MDS.

Appellant challenges the trial court's order and judgment sustaining respondents' demurrers to the complaint without leave to amend. However, appellant has not met her burden of demonstrating the trial court erred. Accordingly, the judgment will be affirmed.

## BACKGROUND

On August 6, 2004, appellant and her husband, Thomas J. Lutterman, obtained a $231,500 loan from America's Wholesale Lender payable over 30 years at 6.125 percent interest. This loan was evidenced by a note and secured by a deed of trust on appellant and Lutterman's residence located at 4608 Trowbridge Lane, Salida, California (Property). The deed of trust names Stewart Title as the trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and nominee of America's Wholesale Lender. The deed of trust provides that both it and the note can be sold without notice to the borrowers and that the lender may appoint a successor trustee.

On April 23, 2012, MERS assigned all beneficial interest under the deed of trust to Fannie Mae. On May 11, 2012, Fannie Mae substituted MDS in place of Stewart Title as trustee.

2.

Appellant fell behind on the loan payments and MDS recorded a notice of default for appellant's loan on May 15, 2012. On August 16, 2012, MDS recorded a notice of trustee's sale to set a September 5, 2012 sale of the Property. Fannie Mae purchased the Property and a trustee's deed upon sale was recorded on September 7, 2012.

In response to the foreclosure, appellant filed a complaint in the superior court against Fannie Mae, MDS and several other defendants who are not involved in this action. In the prior action's first amended complaint, appellant, acting in propria persona, alleged 18 causes of action including "wrongful foreclosure," "cancellation and expungement of fraudulent documents," "negligence," "negligent misrepresentation," "void trustee sale," "void deed upon sale," "void all fraudulent filings beginning with corporation assignment of deed of trust doc. No. 2012-0038278," "slander of title," "accounting," "violation of Cal. Bus. & Prof. Code § 17200," and "declaratory relief." This action was removed to federal court at the request of respondent Tracy Moyer, the attorney for Fannie Mae.

In the federal action, Fannie Mae moved to dismiss the complaint as improperly pled and legally incognizable. On February 26, 2013, the federal court dismissed the complaint finding it failed to allege cognizable claims.[1] The court further concluded that appellant's "failure to tender, and inability to tender, the amount owing on her loan" doomed the complaint's global claims. The court additionally noted that, based on the record, the Property's foreclosure sale was entitled to a presumption of validity. The court admonished appellant that it would dismiss this action against any remaining defendants, including MDS, if appellant failed to comply with the order and failed to file timely papers to show cause why the court should not dismiss the action against any remaining defendants.

---

[1]     Fannie Mae's request that we judicially notice the order to dismiss claims and the judgment filed in the federal district court is granted.

3.

Appellant responded to the dismissal of the federal action by filing another verified complaint in the superior court in May 2013 against Fannie Mae and MDS. At the time, appellant was represented by an attorney. This complaint alleged causes of action to set aside the trustee's sale, to cancel the trustee's deed, to quiet title, and for an accounting. The complaint alleged that appellant never breached her obligation to pay the loan but, rather, Fannie Mae returned her payment and refused to accept any further payments. The complaint further stated that appellant was ready, willing and able to tender all amounts the court found due and owing.

In June 2013, appellant began representing herself and filed a notice of intent to file an amended complaint. The second amended complaint is the operative pleading in this appeal.

The second amended complaint expanded to eight causes of action, most of which were included in the federal action. The complaint also included "causes of action" claiming that the removal of the first action to federal court was invalid and objecting to the court taking judicial notice of the instruments filed in the recorder's office on foundation and hearsay grounds. The second amended complaint added as parties Tracy Moyer, the attorney who had represented Fannie Mae in the first action, Matthew Aguirre, the attorney who was currently representing Fannie Mae, and James Lewin, the attorney who was representing MDS.

The second amended complaint also changed the factual allegations set forth in the complaint that was filed in response to the dismissal of the federal action. Rather than alleging that Fannie Mae refused to accept appellant's payments, the second amended complaint alleges that appellant did not owe any money on the loan. Appellant further asserts that documents were forged and that the assignment of the deed of trust was invalid.

Respondents demurred to the second amended complaint. Respondents argued the claims against Fannie Mae and MDS had been litigated in the federal action and therefore

4.

were barred by res judicata.  As to the individual attorney defendants, respondents asserted that the claims against them were barred by the litigation privilege and Civil Code[2] section 1714.10.

The trial court sustained the demurrers without leave to amend.  The court concluded the complaint was devoid of charging allegations and merit and, as to the individual defendants, failed to comply with section 1714.10.

## DISCUSSION

### 1.    *Standard of review.*

In reviewing a ruling on a demurrer, the appellate court's only task is to determine whether the complaint states a cause of action as a matter of law.  (*Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 824.)  In doing so, the court treats the demurrer as admitting all material facts properly pleaded.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  However, the court does not assume the truth of contentions, deductions or conclusions of law.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)  Accordingly, a complaint will be found sufficient if it alleges facts that state a cause of action under any possible legal theory.  (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 219.)  Nevertheless, because it is not a reviewing court's role to construct theories or arguments that would undermine the judgment, the appellate court considers only those theories advanced in the appellant's briefs.  (*Ibid.*)  The appellant bears the burden of demonstrating that the trial court erred in sustaining the demurrer and must show how the defects in the complaint can be cured by amendment.  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126; *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

### 2.    *The claims against Fannie Mae and MDS are barred by res judicata.*

"'Res judicata' describes the preclusive effect of a final judgment on the merits." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)  It prevents relitigation of

---

[2]    All further statutory references are to the Civil Code.

the same cause of action in a second suit between the same parties or parties in privity with them. (*Ibid*.) Under the res judicata doctrine, a judgment for the defendant serves as a bar to further litigation of the same cause of action. (*Id*. at pp. 896-897.) Thus, a party is precluded from splitting a single cause of action or relitigating the same cause of action on a different legal theory or for different relief. (*Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th 1234, 1245 (*Weikel*).)

A cause of action is identified based on the harm suffered as opposed to the particular legal theory asserted by the litigant. Accordingly, one injury gives rise to only one claim for relief regardless of the number of legal theories upon which recovery might be predicated. (*Weikel, supra,* 55 Cal.App.4th at pp. 1246-1247.) Further, a cause of action must be distinguished from the remedy and the relief sought since a plaintiff may be entitled to several species of remedy for the enforcement of a single right. (*Id.* at p. 1247.)

A matter is deemed to be conclusively determined by the first judgment if it is actually raised by proper pleadings and treated as an issue in the cause. However, the judgment is also conclusive on matters that could have been raised even if they were not in fact expressly pleaded or otherwise urged. (*Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 755.)

Appellant's first action filed against Fannie Mae and MDS alleged the foreclosure was "wrongful" and, among other things, sought to set aside the trustee's sale and cancel the trustee's deed. Thus, the harm appellant claimed she had suffered was losing the Property to foreclosure. After this matter was removed to the federal court, the complaint was dismissed with prejudice on the grounds that it lacked cognizable claims or legal theories and that appellant failed to, and was unable to, tender the amount owing on her loan. Therefore, the dismissal was on the merits.

In the second action, appellant again sought to undo the foreclosure sale of the Property and cancel the foreclosure documents. Thus, appellant was attempting to seek

relief based on the same cause of action, i.e., the same harm, as she did in the first action. For purposes of res judicata, a federal judgment is binding on the state court. (*Estate of Hilton* (1988) 199 Cal.App.3d 1145, 1168.) Accordingly, the federal court judgment bars appellant's claims against Fannie Mae and MDS.

Appellant argues the removal of her case to federal court was defective. According to appellant, the federal court lacked subject matter jurisdiction and thus the judgment is void and of no legal effect. Therefore, appellant asserts, her action is not barred by res judicata.

However, appellant did not timely appeal the district court order. She was required to file a notice of appeal within 30 days of the entry of the judgment and failed to do so. (28 U.S.C. § 2107.) "This 30-day time limit is 'mandatory and jurisdictional.'" (*Browder v. Director, Dep't of Corrections* (1978) 434 U.S. 257, 264.) Thus, the district court judgment is final. (*Ibid*.)

Further, appellant cannot collaterally attack the federal judgment in a state court action. A federal judgment, once rendered, is final for purposes of res judicata unless reversed on appeal or modified or set aside in the court that rendered it. (*Martin v. Martin* (1970) 2 Cal.3d 752, 761.) As a state court, we must give full faith and credit to a final judgment of a federal court. (*Americana Fabrics, Inc. v. L & L Textiles, Inc.* (9th Cir. 1985) 754 F.2d 1524, 1529.)

**3.** ***The claims against the individual respondents are barred by the litigation privilege and section 1714.10.***

Section 47, subdivision (b) defines "a privileged publication or broadcast" as including one made in any "judicial proceeding." "'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 955 (*Jacob B.*).)

The litigation privilege is absolute and applies regardless of malice. (*Jacob B., supra,* 40 Cal.4th at p. 955.) "It immunizes defendants from virtually any tort liability (including claims for fraud), with the sole exception of causes of action for malicious prosecution." (*Olsen v. Harbison* (2010) 191 Cal.App.4th 325, 333.) This broad application advances the privilege's purposes of affording litigants and witnesses free access to the courts without fear of subsequent derivative tort actions, encouraging open channels of communication and zealous advocacy, promoting complete and truthful testimony, giving finality to judgments, and avoiding unending litigation. (*Jacob B., supra,* 40 Cal.4th at p. 955.)

Appellant's claims against Aguirre and Lewin arise from their representation of Fannie Mae and MDS in this matter. The claims against Moyer are based on her representation of Fannie Mae in the previous action that was removed to federal court.

Appellant accuses Aguirre and Lewin of "engaging in false pleadings, entering false evidence into Court records, preparing false filings in anticipation of litigation and entering said filings into Court records." As to Moyer, appellant alleges she filed false pleadings and "falsified evidence entered into Court records in the **void, defective Federal removal** of previous case." Appellant then alleges that these respondents "engaged in unfair, unlawful and fraudulent business practices" by facilitating and aiding "the illegal, deceptive, and unlawful foreclosure proceedings," submitting "false pleadings and false recitals of case law," and entering "declarations containing perjury." Based on these allegations, appellant seeks damages and requests that these respondents be disciplined through either suspension or disbarment.

Thus, these claims against the attorney respondents are based on communications made in the course of this litigation. Accordingly, these communications are absolutely privileged and cannot support appellant's tort claims. Therefore, the trial court correctly sustained respondents' demurrers without leave to amend.

8.

Appellant further alleges that Aguirre and Lewin conspired with their clients. According to appellant, Aguirre knowingly assisted "in felonious activity of client" Fannie Mae and Lewin knowingly assisted "in felonious activity of business partner and client" MDS. Appellant additionally alleges that Lewin and his clients "have engaged in fraudulent conveyance of property title, and fraudulent (false) sale of property by mock auction as an illegal Trustee with no authority" and "have engaged in false filings in the Stanislaus County recorders' office." In particular, appellant asserts that the attorneys and their clients conspired to "facilitate false filings in anticipation of litigation and to bring an unlawful detainer action," to devise "a scheme to enact a non-judicial foreclosure," and that they "facilitated, aided, and abetted the illegal, deceptive, and unlawful foreclosure proceedings."

However, such claims cannot be included in a complaint without first petitioning the court for permission under section 1714.10. This section prohibits the unauthorized filing of an action for nonexempt civil conspiracy based on conduct arising from the representation of a client in connection with any attempt to contest or compromise a claim or dispute. (*Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339, 1350.) No such petition was filed here.

Moreover, an attorney-client conspiracy claim is not viable as a matter of law unless the attorney has an independent legal duty to the plaintiff, the attorney's acts go beyond the scope of his or her professional responsibilities, or the attorney derived economic advantage over and above the fees charged for the professional services rendered. (*Rickley v. Goodfriend* (2013) 212 Cal.App.4th 1136, 1150-1151.) No such allegations are made here.

In sum, the causes of action against Fannie Mae and MDS were dismissed on the merits in the first action by the federal court. Therefore, res judicata bars appellant from

9.

reasserting those claims in this action. Further, appellant's causes of action against Moyer, Aguirre and Lewin are barred by the litigation privilege and section 1714.10.[3]

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
KANE, J.


_____
DETJEN, J.

---

[3] Appellant's request for judicial notice and supplemental request for judicial notice are denied. The documents are either not properly subject to judicial notice or are irrelevant. Moyer's motion to dismiss the appeal is denied as moot.

10.